**Sandra S. DICK, Plaintiff,**

v.

**Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 87–208 ERIE.**

United States District Court, W.D. Pennsylvania.

June 8, 1988.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

James Bukac, Franklin, Pa., for plaintiff.

---

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff filed an application for Supplemental Security Income and Social Security disability benefits. Plaintiff's insured status for disability benefits expired September 30, 1984 but the Secretary concluded that plaintiff's disability began August 14, 1985. As a result, plaintiff was awarded SSI benefits, but denied disability benefits.

Plaintiff has appealed from the Secretary's decision, claiming a disability onset date of May or December 1981. The parties have filed cross motions for summary judgment with briefs and the administrative record. Because we conclude that the Secretary's decision is not supported by substantial evidence, we will reverse the Secretary and award benefits to plaintiff.

Plaintiff is now 44 years old, stands 5'3" and weighs 160 lbs. She has a high school education and has work experience in various secretarial/clerical positions. Plaintiff suffers from severe pancreatitis, pancreatic insufficiency, arthritis, gout, agoraphobia and major depression.

In 1981 plaintiff began experiencing severe abdominal pain. The origin of her pain went undiagnosed for nearly a year despite numerous hospital admissions and a battery of tests. Finally doctors suspected a cyst on the pancreas and in January 1983 surgery was performed to remove 80% of plaintiff's pancreas. Over a 14 month period between December 1981 and January 1983, plaintiff underwent *10* hospital admissions for a total of 138 days, and experienced severe pain throughout this period.

Postoperatively plaintiff underwent a slow recovery. She continues to suffer from pancreatic insufficiency which is controlled to some extent by medication, but she still experiences constant internal pain as well as feelings of nausea after eating. Plaintiff also complains of persistent uncontrollable diarrhea recurring almost daily.

Plaintiff also suffers from agoraphobia with panic attacks and major depression. She leaves her home only to visit the doctor and avoids all social contacts. Although the ALJ accepted the medical evidence on this point and found these non-exertional impairments to be disabling, he determined an onset date of August 14, 1985, approximately 10 months after plaintiff's insured status for disability benefits expired. This is the crux of the case and because we find the ALJ's determination of date of onset to be unsupported by substantial evidence, we reverse.

In his decision the ALJ states that a psychiatric evaluation on August 14, 1985 was the earliest evidence of plaintiff's mental impairment. This is plainly contrary to evidence of record. Plaintiff testified that her anxiety attacks began in 1969 and hospital records from 1971 and 1972 noted marked anxiety and emotional imbalance. Plaintiff was also on medication for this condition for many years, and the medication appears in various hospital records predating the expiration of disability insured status.

The psychiatric report of Dr. Jaffe, prepared at the request of the Secretary, concludes with a diagnosis of "organic affective disorder ... Pancreatic neoplasms has been (sic) etiologically related to depression." Thus Dr. Jaffe identifies her emotional impairments as originating with the pancreatic disorders which considerably predate his report. Plaintiff's treating physician, Dr. Shapiro also noted that the recurrent hospitalizations and serious surgery had an adverse impact on plaintiff's emotional well-being. This is consistent with the plaintiff's description of events. Plaintiff states that her emotional state deteriorated during the long period of intense pain and recurring hospitalizations that she struggled through from 1981 to 1983. Furthermore, surgery in 1983 relieved her of the intense pain, but left her with a constant dull pain and the other symptoms described above. Her depression did not abate.

The ALJ's determination of an onset date for this disabling emotional condition simply ignores plaintiff's long medical history and the opinions of the treating and consulting physicians. The ALJ also ignores a simple fact of life. As in this case, emo-

tional impairments do not usually have sudden onsets, but build over time and often predate an initial visit with a mental health professional. This is the point of Dr. Jaffe's diagnosis. Therefore the selection of plaintiff's first psychiatric evaluation as the date of onset is plainly improper.

There is no question that plaintiff's nonexertional impairments are disabling. The vocational expert called by the ALJ testified unequivocally that, given the level of plaintiff's emotional impairments, there were no jobs at any level of physical capacity that she could perform.

Therefore, the decision of the Secretary will be reversed and disability benefits awarded based on a disability onset date of December 1981.