Roland STEVENS

v.

SECRETARY OF HEALTH AND HUMAN SERVICES.

Civ. A. No. 86–1595.

United States District Court, W.D. Pennsylvania.

July 27, 1988.

Robert N. Peirce, Pittsburgh, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

The Secretary awarded plaintiff disability benefits but plaintiff appeals, challenging the Secretary's decision as to date of onset of disability. The parties have filed cross motions for summary judgment with briefs and the administrative record. This matter is now ripe for disposition.

Plaintiff is presently 51 years old. He is obese, standing 5'7" and weighing between 240 and 260 lbs. He dropped out of school in the 7th grade and his past employment has been limited to unskilled positions.

Plaintiff's principal complaints are chronic low back pain and chronic paranoid schizophrenia with depression. Plaintiff claims to have been disabled from August 8, 1982 when he injured his back at work. The Secretary concluded that the period of disability began May 24, 1985, when a psychologist examined plaintiff and found his psychological impairment to be severe and disabling.

First we consider the evidence on plaintiff's back injury. Plaintiff's own treating physician recited in his office notes in 1982 and 1983 that plaintiff's back injury did not disable him from all employment but that plaintiff retained the capacity for sedentary work. A consulting physician selected by the Secretary examined plaintiff on March 13, 1985 and reached the same conclusion. It is also noteworthy that plaintiff has been treated conservatively with exercises, Tylenol and suggestions for weight reduction. Although there is no question that plaintiff suffers from a chronic and painful back condition, there is substantial evidence to support the Secretary's conclusion that the condition is not totally disabling and plaintiff is capable of sedentary work.

Plaintiff's psychological impairment predates the back injury by 6 years. Plaintiff claims that this psychological impairment, alone and in conjunction with the back injury, disabled him from August 8, 1982. Alternatively, plaintiff argues that at least he was disabled a year earlier than the date chosen by the Secretary for date of disability onset, based on the examining psychologist's opinion.

The Secretary accepted the opinion of the psychologist, Dr. Meacci, that plaintiff's psychological impairment was disabling as of the date of Meacci's first examination of plaintiff, May 24, 1985. However, Meacci states that plaintiff's disabling psychological condition had persisted for at least a year prior to the May 24, 1985 examination.

■ The Secretary rejected the opinion as to date of onset as too speculative to support an award of benefits. We have recognized that disabling psychological impairments do not ordinarily manifest themselves for the first time on the date of the patient's first psychological examination. When a mental health professional, well supported by test results and personal observation, states an opinion as to a date of disability onset, that opinion is sufficient to establish a date of onset for disability. Furthermore, if such an opinion is unrebutted by medical evidence, the Secretary is without substantial basis to reject the expert opinion as to the date of onset. See *Dick v. Bowen*, 690 F.Supp. 415 (W.D.Pa. 1988).

■ In the present case, however, there is evidence which contradicts the psychologist's opinion as to date of onset. Since plaintiff's hospitalization in 1978 for depression and increased erratic behavior, plaintiff has been maintained on medications. Since that time he must visit a mental health therapist at the hospital approximately every 6 weeks for evaluation, and for refill of the prescription. The progress notes of plaintiff's long time therapist do not reflect any significant changes or symptoms for the period of 1982 to 1985. While these brief notes of periodic meetings lasting 15—30 minutes each may not provide a full picture of plaintiff's condition during this period, particularly given the guarded and uncommunicative nature of plaintiff's relationship with his therapist, they are the only contemporaneous records concerning plaintiff's psychological condition during the period in issue, and they are the observations of a mental health professional who had monitored plaintiff's condition over a period of years. As such they are sufficient to discount the psychologist's subsequent estimate as to onset of disability. The Secretary's decision is based on substantial evidence and will be affirmed.

### ORDER

AND NOW, in accord with the accompanying Opinion, it is hereby ORDERED that the decision of the Secretary is AFFIRMED and Summary Judgment is GRANTED in favor of defendant. The Clerk is DIRECTED to mark the matter CLOSED.